# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FILED IN OPEN COURT
DATE: 7-28-15
TIME: 10:15 a.m.
INITIALS: [signature]

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. 14-20344-JTF

RAY CHISM III,

    Defendant.

## PLEA AGREEMENT

(1)    I, Ray Chism III, have been charged with eighteen (18) felony counts in the above-referenced criminal indictment.

I have been charged in Count 1 with violating Title 18, United States Code, Section 371, conspiracy to commit offenses under Title 7, United States Code, Section 2024(b), SNAP Program Benefit Fraud and Title 18, United States Code, Section 641, Theft of Public Property. The maximum penalty for a violation of Section 371, as charged, is a fine of not more than $250,000, and not more than five (5) years imprisonment, plus a period of supervised release of not more than one (1) year.

I have been charged in Counts 2 through 6 with violating Title 7, United States Code, Section 2024(b), SNAP Benefit Fraud. The maximum penalty for a violation of Section 2024(b), as charged, is a fine of not more than $250,000, and not more than five (5) years imprisonment, plus a period of supervised release of not more than one (1) year.

I have been charged in Counts 7 and 9 with violating Title 18, United States Code, Section 641, Theft of Public Property. The maximum penalty for a violation of Section 641, as charged, is a fine of not more than $250,000, and not more than ten (10) years imprisonment, plus a period of supervised release of not more than three (3) years.

I have been charged in Count 8 with violating Title 18, United States Code, Section 371, conspiracy to commit offenses under Title 18, United States Code, Section 641, Theft of Public Property, and Section 1001, False Statements. The maximum penalty for

1

Chism, Ray III, plea agreement, ctd.

a violation of Section 371, as charged, is a fine of not more than $250,000, and not more than five (5) years imprisonment, plus a period of supervised release of not more than one (1) year.

I have been charged in Counts 10 through 18 with violating Title 18, United States Code, Section 1001, False Statements. The maximum penalty for a violation of Section 1001, as charged, is a fine of not more than $250,000, and not more than five (5) years imprisonment, plus a period of supervised release of not more than one (1) year.

Fees may be imposed to pay for incarceration or supervised release. There is a $100 special assessment per felony count of conviction.

(2) I understand that the United States Attorney for the Western District of Tennessee and my defense counsel have entered into a plea negotiation of which I am fully aware and understand.

(3) My attorney, Robert Spence, who has been retained to represent me, has informed me of the nature of these criminal charges and the elements of each charge, each of which must be proved by the government beyond a reasonable doubt before I could be found guilty as charged.

(4) By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the government to prove my guilt beyond a reasonable doubt, to not be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

(5) I am pleading guilty to the charge described herein because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be. I understand that the matter of sentencing is within the sole discretion of the Court. I have discussed sentencing with my attorney.

Chism, Ray III, plea agreement, ctd.

**I understand the plea agreement in this case to be as follows:**

(6) I will enter a plea of guilty to Counts 1 and 8 of the above-referenced indictment, charging me with the felony violation listed herein above.

(7) At sentencing, following my compliance with the terms of this agreement, the United States agrees to dismiss Counts 2 through 7 and Counts 9 through 18 of the indictment.

(8) I understand the United States agrees to recommend that the Court set any term of incarceration at the lower end of the Sentencing Guideline Range as determined by the Court. I further understand that this is only a recommendation and that the Court is not bound by such recommendation. If the Court does not agree to such recommendation, I understand that such event does not constitute a basis for subsequent withdrawal of my plea of guilty to the charge herein.

(9) I understand that the government estimates that the amount of loss attributable to my actions is greater than $200,000 but less than $400,000.

(10) I understand that, given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose my receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. I understand that if the United States receives information between the signing of this agreement and the time of the sentencing that I have previously engaged in, or if I engage in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, I understand that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for me to withdraw my guilty plea.

(11) I understand that Title 18, United States Code, Section 3742 gives me the right to appeal the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is within the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this plea agreement. The waiver in this paragraph does not apply to claims relating directly to this waiver of appellate rights or to its negotiation <u>that also</u> involve the involuntariness of my plea, prosecutorial misconduct, or ineffective assistance of counsel.

Chism, Ray III, plea agreement, ctd.

(12) I understand that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my rights to file an action pursuant to Section 2255 with one exception: I retain my right to file any claim for ineffective assistance of counsel or prosecutorial misconduct.

(13) I understand that persons convicted of crimes are required to pay a mandatory assessment of $100 per felony count of conviction. I agree that payment of this assessment, in full, is a condition of this agreement.

(14) I agree to make restitution in an amount to be determined by the Court, following preparation of the presentence report. I agree that the United States is due restitution because of the offenses to which I am pleading guilty.

(15) I agree to the forfeiture provision set forth in the indictment.

(16) I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

(17) I understand that the prosecution will be free to fully describe the nature of these offenses and the evidence in this case.

(18) I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the count of the indictment to which I am pleading guilty.

(19) I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

(20) I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

(21) I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Robert Spence, and am satisfied with my attorney and his advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

Chism, Ray III, plea agreement, ctd.

July 28 2015
**DATE SIGNED**

_____
**RAY CHISM III**
**Defendant**

July 28, 2015
**DATE SIGNED**

_____
**ROBERT SPENCE**
**Attorney for Defendant**

July 27 2015
**DATE SIGNED**

_____
**DEBRA IRELAND**
**Assistant United States Attorney**
**U.S. Attorney's Office**

5